IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |  |
|---|---|---|
| DARYL DEWAYNE RIGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 320-053 |
| | ) | |
| DEANN MORRIS; MITZI HALL; | ) | |
| FNU LOMAMI; FNU BROWN; | ) | |
| SUSAN OLIVER; FNU LINDSEY; | ) | |
| TARRA JACKSON; KOCHELLE | ) | |
| WATSON; EDGINALD GIBBONS; | ) | |
| LAKISHA FRANKLIN; CHABARA | ) | |
| DAVIS BRAGG; and ANTOINE G. | ) | |
| CALDWELL, | ) | |
| | ) | |
| Defendants. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Johnson State Prison in Wrightsville, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED** (doc. no. 4), and this action be **DISMISSED** without prejudice.

### I. BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1726 (U.S. 2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits."). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Rivera, 144 F.3d at 721-27.

## II. DISCUSSION

### A. Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)

Plaintiff states he has not had a case dismissed based on the three strikes rule in § 1915(g). (Doc. no. 7-1, p. 13.) However, a review of Plaintiff's history of filings reveals he has brought at least three cases that were dismissed and count as strikes: (1) Riggins v. Harris, Civ. Act. No. 3:10-CV-0039-JTC (N.D. Ga. July 7, 2010) (dismissed for failure to state claim); (2) Riggins v. Debbie, Civ. Act. No. 3:06-cv-0097-JTC (N.D. Ga. Nov. 1, 2006)

(dismissed for failure to state claim); and (3) Riggins v. Turner, Civ. Act. No. 3:05-CV-0136 (N.D. Ga. Jan. 18, 2006) (dismissed for failure to exhaust administrative remedies)[1]. Moreover, Plaintiff has had numerous cases dismissed based on his status as a "three-striker," one of which was dismissed less than one month prior to when he signed his amended complaint in this case on October 5, 2020. See, e.g., Riggins v. Riggins, 1:20-CV-0133 (N.D. Ga. Sept. 8, 2020) (collecting cases, denying IFP status, and dismissing case based on accumulation of three strikes). Because Plaintiff has at least three strikes, he cannot proceed IFP unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g). See Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

### B.    Plaintiff Does Not Qualify for the Imminent Danger Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). General or conclusory allegations are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Sutton

---

[1] In the Eleventh Circuit, "[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Rivera, 144 F.3d at 731; see also Solliday v. Federal Officers, 413 F. App'x 206, 208 (11th Cir. 2011) (*per curiam*) (same).

v. Dist. Attorney's Office, 334 F. App'x 278, 279 (11th Cir. 2009) (*per curiam*) (citing Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004)).

Plaintiff complains about medical treatment dating back to June 2013. (Doc. no. 7-1, p. 5.) He also describes ongoing treatment through September 2020 related to "scrotal pain," including an "ultrasonograpy," testing by a gastroenterologist, and administration of antibiotics, and an alternative to antibiotics, when it was discovered he had an allergy to one type of medication used to treat him. (Id. at 5, 10.) Although Plaintiff describes ongoing pain and swelling from his condition, he has not been denied all care and/or medication. Rather, he complains that he has been deprived of a certain type of treatment and/or medication which he believes he needs. Thus, by his own admission, Plaintiff has not been denied all care and/or medication. Cf. Brown, 387 F.3d at 1350 (recognizing exception satisfied where "total withdrawal of treatment for serious diseases, as a result of which [the plaintiff] suffers from severe ongoing complications," makes the plaintiff more susceptible to various illnesses and rapid health deterioration). Moreover, Plaintiff's allegations concerning his belief that Defendants have altered his medical records to support their course of treatment for Plaintiff, (doc. no. 7-1, p. 6), does not satisfy the imminent danger exception. See Odum v. Bryan Cnty. Judicial Circuit, No. CV 4:07-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (requiring specific allegations grounded in specific facts indicating injury is imminent).

In sum, Plaintiff fails to demonstrate he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### C. The Amended Complaint Should Also Be Dismissed Because Plaintiff Failed to Truthfully Disclose His Prior Filing History

The standard form on which Plaintiff submitted his claims, "Complaint for Violation of Civil Rights (Prisoner Complaint)," requires that prisoner plaintiffs disclose: (1) whether they have begun other lawsuits in state or federal court dealing with the same facts involved in the current action, (2) whether they have filed other lawsuits in state or federal court otherwise relating to the conditions of their imprisonment, and (3) the disposition of any such lawsuits. (Doc. no. 7-1, pp. 14-15.) Under the question concerning whether a prisoner plaintiff has brought any lawsuits otherwise relating to the conditions of his imprisonment, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each lawsuit, including the court hearing the case, and the date of filing and disposition. (Id.) If there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Id.)

Here, pursuant to Federal Rule of Civil Procedure 11, Plaintiff disclosed he filed a prior case dealing with the same facts as this case, (Riggins v. Womble, CV 315-085 (S.D. Ga. Oct. 9, 2015), but he denied having a case dismissed based on the three strikes rule or filing other lawsuits in state or federal court otherwise relating to the conditions of his imprisonment. (Doc. no. 7-1, pp. 13-16.) As discussed in Part II(A), *supra*, Plaintiff has filed multiple federal cases related to conditions of his imprisonment and had multiple cases dismissed under the three strikes rule.

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for

the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (*per curiam*) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (*per curiam*) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by* Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094

(S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006).

Here, under Federal Rule of Civil Procedure 11, and as described in detail above, Plaintiff failed to truthfully disclose his prior filing history and provided blatantly dishonest answers to the questions on the complaint form.  Therefore, even if Plaintiff were permitted to proceed IFP, the case should be dismissed without prejudice as a sanction for the dishonesty.

### III.   CONCLUSION

In sum, Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g).  Thus, he fails to demonstrate that he should be excused from paying the full filing fee.  Furthermore, even if Plaintiff were allowed to proceed IFP, the case should be dismissed because he has abused the judicial process by providing dishonest information about his filing history.  Therefore, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED** (doc. no. 4), and this action be **DISMISSED** without prejudice.  If Plaintiff wishes to proceed with the claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 21st day of October, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

7