IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DARYL DEWAYNE RIGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 320-053 |
| | ) | |
| DEANN MORRIS; MITZI HALL; | ) | |
| FNU LOMAMI; FNU BROWN; | ) | |
| SUSAN OLIVER; FNU LINDSEY; | ) | |
| TARRA JACKSON; KOCHELLE | ) | |
| WATSON; EDGINALD GIBBONS; | ) | |
| LAKISHA FRANKLIN; CHABARA | ) | |
| DAVIS BRAGG; and ANTOINE G. | ) | |
| CALDWELL, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. nos. 10, 11.) The Magistrate Judge recommended denying Plaintiff's motion to proceed *in forma pauperis* ("IFP") and dismissing this case without prejudice because Plaintiff has accumulated three strikes under the Prison Litigation Reform Act and provided blatantly dishonest information about his prior filing history. (See doc. no. 8.) The Magistrate Judge also concluded that Plaintiff had not alleged that he was in imminent danger of serious

physical injury such that he should be excused from paying the full filing fee despite having at least three strikes under 28 U.S.C. § 1915(g). (See id. at 3-4.)

Nothing in the objections changes the Magistrate Judge's analysis. In fact, the objections buttress the conclusion Plaintiff is receiving ongoing medical treatment. He simply is not receiving the treatment he prefers. As the Magistrate Judge explained, such circumstances do not satisfy the imminent danger exception to the three strikes rule in 28 U.S.C. § 1915(g). (See id.) To the extent Plaintiff may be trying to file a new lawsuit or appeal to the Eleventh Circuit with his documentation at pages four through eight in his second set of objections, (doc. no. 11), he must file a new, separate lawsuit if he wishes to pursue the claims in the above-captioned case. Moreover, as Plaintiff acknowledges, (id. at 4), any appeal to the Eleventh Circuit may be made only from a final judgment, not entry of a Report and Recommendation, and Plaintiff should separately file any post-judgment action he believes appropriate upon entry of this Order.

Accordingly, the Court **OVERRULES** the objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DENIES** Plaintiff's request to proceed IFP, **DISMISSES** this case without prejudice, and **CLOSES** this civil action. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he must initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO ORDERED this 17th day of November, 2020, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE

2